**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| | § |
| v. | § |
| | § CASE NUMBER 6:15-CR-00026-JDK-JDL |
| JOHN JOSEPH MALLON, | § |
| | § |
| Defendant. | § |

**REPORT AND RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE**

On August 18, 2022, the court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant John Joseph Mallon. The government was represented by Allen Hurst, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Matthew Millslagle, Federal Public Defender.

Defendant originally pled guilty to the offense of Felon in Possession of a Firearm, a Class C felony. The United States Sentencing Guideline range for this offense, based on a total offense level of 17 and a criminal history category of VI, was 51 to 63 months. On November 18, 2015, District Judge Michael H. Schneider sentenced Defendant to 24 months imprisonment followed by three years of supervised release, subject to the standard conditions of release, plus special conditions to include financial disclosure, drug aftercare, and mental health treatment. On January 13, 2017, Defendant completed his term of imprisonment and began his term of supervised release. On June 15, 2020, Defendant's term of supervised release was revoked. Defendant was subsequently sentenced to 10 months imprisonment followed by one year of supervised release, subject to the standard conditions of release, plus special conditions to include financial disclosure, drug aftercare, mental health treatment, and 180-day placement in a residential reentry center. On March 22, 2021, Defendant completed his period of (1st revocation) imprisonment and began his

term of supervised release. Under the terms of supervised release, Defendant was required to submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court. In Allegation 2 of its petition, the government alleges Defendant violated the conditions of his supervised release when he failed to submit a drug test on September 1, 2021, and September 16, 2021, as directed. If the court finds by a preponderance of the evidence that Defendant violated the conditions of supervised release by failing to submit a drug test on September 1, 2021, and September 16, 2021, Defendant will have committed a Grade C violation. U.S.S.G. § 7B1.1(a). Upon a finding of a Grade C violation, the court may revoke the term of supervision. U.S.S.G. § 7B1.3(a)(2). Considering Defendant's criminal history category of VI, the Guideline imprisonment range for a Grade C violation is 8 to 14 months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to violating the conditions of supervision by committing the acts as alleged in Allegation 2 of the government's petition. In exchange, the government agreed to recommend to the court a sentence of 12 months and 1 day imprisonment, with no supervised release to follow.

The court therefore **RECOMMENDS** that Defendant John Joseph Mallon's plea of true be accepted and he be sentenced to a term of 12 months and 1 day imprisonment, with no supervised release to follow. The court further **RECOMMENDS** that Defendant serve his sentence at FCI Texarkana, if available. The parties waived their right to objections so this matter shall be immediately presented to the District Judge for consideration.

**So ORDERED and SIGNED this 19th day of August, 2022.**

2

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE